

USDC SCAN INDEX SHEET

TKL     9/12/00     9:17
3:00-CV-01516    PACIFIC COMMERCIAL V. RELIANCE INSURANCE
*7*
*RPLY.*

```
 1  ROBERT C. NIESLEY (Bar No. 131373)                    FILED
    JOSEPH C. McGOWAN (Bar No. 166426)
 2  WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.          00 SEP 11 AM 11:32
    3 Park Plaza, Suite 1500
 3  Irvine, California 92614
    (949) 852-6700
 4
    Attorneys for Plaintiff and Counter-Defendant,
 5  PROFESSIONAL COMMERCIAL SYSTEMS, INC.

 6

 7                   UNITED STATES DISTRICT COURT

 8              FOR THE CENTRAL DISTRICT OF CALIFORNIA

 9

10  THE UNITED STATES OF AMERICA FOR  )  CASE NO. 00 CV 1516 IEG (NLS)
    THE USE AND BENEFIT OF PACIFIC    )
11  COMMERCIAL SYSTEMS, INC., a       )
    California corporation,           )
12                                    )
           Plaintiff,                 )  PACIFIC COMMERCIAL SYSTEMS,
13                                    )  INC.'S REPLY TO HUNT BUILDING
                                      )  CORPORATION'S COUNTER-CLAIM
14       vs.                          )
                                      )
15  RELIANCE INSURANCE COMPANY, a     )
    Pennsylvania corporation, and     )
16  HUNT BUILDING CORPORATION, a      )
    Texas                             )         ORIGINAL
17  corporation,                      )
                                      )
18         Defendants.                )
                                      )
19  _____    )
                                      )
    HUNT BUILDING CORPORATION, a      )
20  Texas corporation,                )
                                      )
21         Counter-Claimant,          )
                                      )
22       vs.                          )
                                      )
23  PACIFIC COMMERCIAL SYSTEMS, INC., )
    a California corporation,         )
24                                    )
           Counter-Defendant.         )
25  _____    )
```

Plaintiff and Counter-Defendant PACIFIC COMMERCIAL SYSTEMS, INC.

("PACIFIC COMMERCIAL SYSTEMS") hereby replies to the counter-claim filed

by defendant and counter-claimant HUNT BUILDING CORPORATION. ("HUNT"), as



1

PACIFIC COMMERCIAL SYSTEMS, INC.'S REPLY TO HUNT BUILDING CORPORATION'S COUNTER-CLAIM

follows:

1. In answering paragraph 1 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

2. In answering paragraph 2 of HUNT'S counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

3. PACIFIC COMMERCIAL SYSTEMS refers to its responsive allegations contained in paragraphs 1 through 2 above, and by such reference incorporates the same herein as through fully set forth.

4. In answering paragraph 4 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

5. In answering paragraph 5 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

6. In answering paragraph 6 of HUNT'S counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

7. In answering paragraph 7 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

8. In answering paragraph 8 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

9. In answering paragraph 9 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

10. In answering paragraph 10 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

11. In answering paragraph 11 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

12. In answering paragraph 12 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

13. In answering paragraph 13 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

14. In answering paragraph 14 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

15. In answering paragraph 15 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS admits the allegations contained therein.

16. In answering paragraph 16 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

17. In answering paragraph 17 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein, to the extent the paragraph sets out a standard of care not specifically provided for in the contract between HUNT and PACIFIC COMMERCIAL SYSTEMS.

18. In answering paragraph 18 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

19. In answering paragraph 19 of HUNTS' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein, including, but not limited to, the allegations contained in subparagraphs (a) through (i).

20. In answering paragraph 20 of HUNT' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

21. In answering paragraph 21 of HUNT' counter-claim, PACIFIC COMMERCIAL SYSTEMS denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

In further answering HUNT's counter-claim, and by way of affirmative defense, PACIFIC COMMERCIAL SYSTEMS answers as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT's counter-claim and each and every cause of action asserted therein is barred by the statutes of limitation.

///

**SECOND AFFIRMATIVE DEFENSE**

2. The counter-claim and each purported cause of action contained therein, individually and collectively, fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

3. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT has waived any and all claims that it may have had or has against PACIFIC COMMERCIAL SYSTEMS arising from the transactions and occurrences set forth in the counter-claim.

**FOURTH AFFIRMATIVE DEFENSE**

4. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT is estopped by its own conduct from asserting any and all claims it has or that it may have had against PACIFIC COMMERCIAL SYSTEMS arising from the transactions and occurrences set forth in the counter-claim.

**FIFTH AFFIRMATIVE DEFENSE**

5. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT's damages, if it has suffered any damage at all, were proximately caused and/or contributed to by the negligence and/or otherwise wrongful or unlawful conduct of HUNT and/or persons whose conduct is imputable to it which precludes recovery by HUNT. Accordingly, HUNT is wholly and/or partially barred from recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

6. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that the conduct of HUNT and/or persons whose conduct is imputable to HUNT precludes recovery by HUNT against PACIFIC COMMERCIAL SYSTEMS for any claims asserted herein.

///

**SEVENTH AFFIRMATIVE DEFENSE**

7. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that the loss to HUNT, if any, was occasioned by, and as a result of its failure to comply with the terms of the alleged agreement between HUNT and others herein. Therefore, PACIFIC COMMERCIAL SYSTEMS is entitled to an offset as determined with respect to such failure, against PACIFIC COMMERCIAL SYSTEMS's liability, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

8. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that any alleged agreements were subject to a condition precedent and/or antecedent and that such conditions have occurred or have failed to occur thereby extinguishing or precluding liability of PACIFIC COMMERCIAL SYSTEMS under said alleged agreement at this time.

**NINTH AFFIRMATIVE DEFENSE**

9. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT has not complied with the necessary statutory procedural requirements which would permit it to assert the claims alleged herein.

**TENTH AFFIRMATIVE DEFENSE**

10. PACIFIC COMMERCIAL SYSTEMS is informed and believes and thereon alleges that HUNT abandoned the contract between HUNT and PACIFIC COMMERCIAL SYSTEMS.

///
///
///
///
///
///
///
///

WHEREFORE, Counter-Defendant PACIFIC COMMERCIAL SYSTEMS prays:

1. That the counter-claim be dismissed with prejudice;

2. That HUNT take nothing by the counter-claim;

3. PACIFIC COMMERCIAL SYSTEMS be awarded its fees, costs, expenses and attorneys' fees; and

4. Such further and other relief that the court deems just and proper.

Dated: September 8, 2000     WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
                             Robert C. Niesley
                             Joseph C. McGowan

                        By: _____
                             Attorneys for Plaintiff and Cross-Defendant,
                             PACIFIC COMMERCIAL SYSTEMS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                              ) ss.
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3 Park Plaza, Suite 1500, Irvine, California 92614.

On September 8, 2000, I served the foregoing documents described as **PACIFIC COMMERCIAL SYSTEMS, INC.'S REPLY TO HUNT BUIDLING CORPORATION'S COUNTER-CLAIM** on the interested parties as follows:

## PLEASE SEE ATTACHED SERVICE LIST

[x] (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Irvine, California.

[ ] (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to Federal Express an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[ ] (BY FACSIMILE) I served the parties listed on the attached service list by facsimile on the fax numbers listed below each of the parties.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 8, 2000, California.

                                       _____
                                       Lisa M. Lowe

# SERVICE LIST

Robert P. Allenby, Esq.
Timothy C. Earl, Esq.
Hillyer & Irwin
5500 West "C" Street, 16th Floor
San Diego, California 92101-3568
(619) 234-6121
(619) 595-1313
**[Attorneys for Hunt Building Corporation and Reliance Insurance Company]**