















CSG    10/3/00    6:29

3:00-CV-01516    PACIFIC COMMERCIAL V. RELIANCE INSURANCE

*16*

*DECL.*

1   ROBERT C. NIESLEY (Bar No. 131373)
    JOSEPH C. McGOWAN (Bar No. 166426)
2   WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
    3 Park Plaza, Suite 1500
3   Irvine, California 92614
    (949) 852-6700
4
    Attorneys for Plaintiff and Counter-Defendant,
5   PACIFIC COMMERCIAL SYSTEMS, INC.

6

7                   UNITED STATES DISTRICT COURT

8           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10  THE UNITED STATES OF AMERICA FOR      )  CASE NO. 00 CV 1516 IEG (NLS)
    THE USE AND BENEFIT OF PACIFIC        )
11  COMMERCIAL SYSTEMS, INC., a           )  Assigned For All Purposes To:
    California corporation,               )  The Honorable Irma Gonzalez
12                                        )
                   Plaintiff,             )
13                                        )
                                          )
14           vs.                          )  DECLARATION OF JOSEPH C. McGOWAN
                                          )  IN SUPPORT OF PACIFIC COMMERCIAL
15  RELIANCE INSURANCE COMPANY, a         )  SYSTEMS, INC.'S OPPOSITION TO HUNT
    Pennsylvania corporation, and HUNT    )  BUILDING CORP. AND RELIANCE
16  BUILDING CORPORATION, a Texas         )  INSURANCE COMPANY'S MOTION TO
    corporation,                          )  STAY PROCEEDINGS PENDING
17                                        )  ARBITRATION, DISMISS PROCEEDINGS,
                   Defendants.            )  OR IN THE ALTERNATIVE, TRANSFER
18  _____)  PROCEEDINGS
                                          )
19  HUNT BUILDING CORPORATION, a Texas    )  Date:      October 16, 2000
    corporation,                          )  Time:      10:30 a.m.
20                                        )  Depart:    13
                   Counter-Claimant,      )
21                                        )
             vs.                          )
22                                        )
    PACIFIC COMMERCIAL SYSTEMS, INC., a   )
23  California corporation,               )
                                          )
24                 Counter-Defendant.     )
                                          )
25  _____)

26                          **DECLARATION**

27      I, Joseph C. McGowan, declare:

28
    _____
    DECLARATION OF JOSEPH C. MCGOWAN IN SUPPORT OF PACIFIC COMMERCIAL SYSTEMS, INC.'S OPPOSITION TO
    MOTION TO ARBITRATION, DISMISS PROCEEDINGS, OR IN THE ALTERNATIVE, TRANSFER PROCEEDINGS

**ORIGINAL**

1.     I am an attorney at law duly admitted to practice before the courts of the State of California. I am an associate in the law firm of Watt, Tieder, Hoffar & Fitzgerald, L.L.P., the attorneys of record herein for plaintiff and cross-defendant, Pacific Commercial Systems, Inc. I have personal knowledge of the following matters and could and would testify competently with respect to them.

2.     Last year I represented a different client against Hunt Building in Fresno California, Southern California Grading, Inc., v. Hunt Building Corporation, Superior Court of the state of California for the County of Kings, Case No. 99C9042. In this prior case as well, Hunt Building Corporation attempted to enforce a forum selection clause against my client, a California based subcontractor on a California project.

3.     After a tentative ruling from the trial court in this prior matter, Hunt agreed to litigate this prior dispute in Fresno, California. In the process of working on this case, I learned of a second arbitration in the Fresno area in which Hunt was a party. Counsel for the plaintiff in that case also told me that Hunt had taken an unreasonable position in an attempt to force arbitration in El Paso, Texas.

4.     Upon filing receiving the answer and cross-complaint in this matter, I telephoned attorney of record for Hunt, Robert P. Allenby, Esq., of the law firm of Hillyer & Irwin. I told Mr. Allenby that Pacific would stipulate to arbitration and to stay the action, conditioned upon an agreement that the arbitration would take place in San Diego, California. I explained that a California Statute, California Code of Civil Procedure §410.42 made forum selection clauses such as the one in Hunt's Standard Form Subcontract unenforceable.

5.     I followed up this conversation with a letter dated August 28, 2000, explaining Pacific's position, and attaching a copy of Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir., 2000). A true and accurate copy of this letter is attached to this declaration as Exhibit "A."

6.     Unfortunately, Hunt's attorneys remained steadfast in their refusal to arbitrate the matter in the judicial district where the project was performed.

7.     I received information regarding the legislative intent of §410.42 from an attorney service in Sacramento, California. True and accurate copies of documents received are attached

1   hereto as Exhibits "B," "C," "D" and "E" to this Declaration.

2       8.      From an online legal research service, I received a copy of the cases in which Hunt

3   was a party in the United States District Court for the Southern District of California. This is

4   information is attached hereto as Exhibit "F."

5       9.      I spent approximatey 30 hours researching and drafting the opposition brief and intend

6   to spend approximately 5 hours reviewing the reply brief, preparing for and attending oral argument.

7   My hourly rate is $175 per hour. My client therefore incurred a cost of $6,125 as a result of this

8   unnecessary motion.

9       I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true and correct. Executed this 2nd day of October, 2000 in Irvine, California.

11

12                                           Joseph C. McGowan, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                      ) ss.
COUNTY OF ORANGE )

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3 Park Plaza, Suite 1500, Irvine, California 92614.

    On October 2, 2000, I served the foregoing documents described as **DECLARATION OF JOSEPH C. McGOWAN IN SUPPORT OF PACIFIC COMMERCIAL SYSTEMS, INC.'S OPPOSITION TO HUNT BUILDING CORP. AND RELIANCE INSURANCE COMPANY'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION, DISMISS PROCEEDINGS, OR IN THE ALTERNATIVE, TRANSFER PROCEEDINGS** on the interested parties as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

[ ] (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Irvine, California.

[ ] (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[x] (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to Federal Express an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on October 2, 2000, California.

_____
Lisa M. Lowe

1

## SERVICE LIST

Robert P. Allenby, Esq.
Timothy C. Earl, Esq.
Hillyer & Irwin
5500 West "C" Street, 16th Floor
San Diego, California 92101-3568
(619) 234-6121
(619) 595-1313
**[Attorneys for Hunt Building Corporation and Reliance Insurance Company]**

Legal Tabs Co. 1-800-322-3022

Recycled  Stock # EXA-5-B

WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.

ATTORNEYS AT LAW

3 Park Plaza
Suite 1500
Irvine, California 92614

Telephone: 949-852-6700
Facsimile: 949-261-0771

August 28, 2000

**Via Facsimile Transmission
and First Class Mail**

Jason A. Patlan
American Arbitration Association
1750 Two Galleria Tower
13455 Noel Road
Dallas, Texas  75240-6636

Robert P. Allenby, Esq.
Hillyer & Irwin
550 West C Street
16th Floor
San Diego, California  92101-3568

Jonathan D. Schwartz. Jr.
415 North Mesa
Third Floor
El Paso, Texas  79901

Re:    Pre-Case Hunt Building Corporation v. Pacific Commercial Systems, Inc.

Gentlemen:

This firm represents Pacific Commercial Systems, Inc. ("PCS") in the above-referenced matter and in the original lawsuit filed in the United States District Court for the Southern District of California, Pacific Commercial Systems v. Reliance Insurance Company; and Hunt Building Corporation, Case No. 00CV 1516IEG (NLS).

On behalf of my client, I hereby object to the Locale for this Arbitration in El Paso, Texas and request that the arbitration be held in Southern California.  My objection is based not only on the common sense reality that the construction project which was the subject of this dispute is located in Southern California, but also on California Code of Civil Procedure § 410.32, which provides as follows:

> § 410.32    Construction Contracts--Provision Requiring Out-of-State Arbitration or Prohibiting Litigation in California Unenforceable
>
> The following provisions of a contract between the contractor and a subcontractor with principal offices in this state, for the construction of a public or private work of improvement in this

state, shall be void and unenforceable:

    (a)    A provision which purports to require any dispute between the parties to be litigated, arbitrated, or otherwise determined outside this state.

    (b) . . . .

The statute clearly applies to the situation at hand. Hunt Building Corporation ("HBC") is a contractor, and PCS is a subcontractor to HBC on a work of improvement in California. The forum selection clause found in the HBC standard subcontract is therefore unenforceable.

This firm is intimately familiar with these issues because we litigated the same issues against HBC for another client on a similar project in Lemoore, California. The court tentatively ruled in our favor, and an agreement was reached to litigate the case in California.

If forced to bring a motion to compel arbitration in California, we are willing to so, and are confident that such a motion would be successful. In the recent case of Jones v. GNC Franchising, Inc. 211 F.3d 495 (9th Cir., 2000), the Ninth Circuit held that a forum selection clause was unenforceable as a result of a provision relating to franchise agreements identical to § 410.32. A copy of this decision is enclosed for your convenience.

We are hopeful, however, that the parties to this dispute can resolve the issue of Locale short of litigation on the subject. We are not opposed to staying the litigation against defendant Reliance Insurance Company, and arbitrating the dispute against HBS in Southern California. I will contact Mr. Allenby, HBC's counsel of record in California, to discuss this option.

In the meantime, I would like to reserve the rights of PCS to file an answering statement and counterclaim until we reach a meeting of the minds on the above discussed issues.

Should any of you have any questions, please contact Robert Niesley or me at the above address and phone number.

Very truly yours,

Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

Joseph C. McGowan

JCM/lml
Enclosure

cc:     Mr. Rick Baldan (without enclosure)
        Robert C. Niesley, Esq. (without enclosure)

United States Court of Appeals,
Ninth Circuit.

**Charles B. JONES, Plaintiff-Appellee,**
v.
**GNC FRANCHISING, INC., a Pennsylvania
Corporation; and Does 1 through 50,
Defendant-Appellant.**

No. 99-55633.

Argued and Submitted March 13, 2000
Filed May 3, 2000

Following removal of franchisee's suit against
franchisor, franchisor moved to either dismiss or
transfer venue pursuant to forum selection clause, or
to transfer of venue for the convenience of the
parties and witnesses, in the interests of justice.
Motions were denied by the United States District
Court for the Central District of California, Dickran
M. Tevrizian, Jr., J., and permission was granted.
The Court of Appeals, Politz, Circuit Judge, held
that: (1) California statute expressed a strong public
policy to protect California franchisees from the
expense, inconvenience, and possible prejudice of
litigating in a non-California venue, precluding
enforcement of forum selection clause requiring
litigation in Pennsylvania, and (2) trial court did not
abuse its discretion in denying the motion to transfer
venue to Pennsylvania for the convenience of the
parties and witnesses.

Affirmed.

West Headnotes

**[1] Federal Courts ⚖819**
170Bk412.1

In diversity cases, federal law governs the analysis
of the effect and scope of forum selection clauses.

**[2] Contracts ⚖127(4)**
95k127(4)

California statute voiding any clause in a franchise
agreement limiting venue to a non-California forum
for claims arising under or relating to a franchise
located in California expresses a strong public policy
of the State of California to protect California

franchisees from the expense, inconvenience, and
possible prejudice of litigating in a non-California
venue, precluding enforcement under federal law of
forum selection clause requiring litigation in
Pennsylvania, which was franchisor's principal place
of business. West's Ann.Cal.Bus. & Prof.Code §
20040.5.

**[3] Federal Courts ⚖819**
170Bk819

Order denying motion to transfer venue for the
convenience of the parties and witnesses, in the
interests of justice, was reviewable for abuse of
discretion. 28 U.S.C.A. § 1404(a)

**[4] Federal Courts ⚖101**
170Bk101

**[4] Federal Courts ⚖104**
170Bk104

**[4] Federal Courts ⚖105**
170Bk105

Motions for transfer of venue for the convenience of
the parties and witnesses, in the interests of justice,
require individualized weighing of multiple factors,
including: the location where the relevant
agreements were negotiated and executed, the state
that is most familiar with the governing law,
plaintiff's choice of forum, the respective parties'
contacts with the forum, the contacts relating to the
plaintiff's cause of action in the chosen forum,
differences in the costs of litigation in the two
forums, availability of compulsory process to
compel attendance of unwilling non-party witnesses,
the ease of access to sources of proof, presence of a
forum selection clause, and the relevant public
policy, if any, of the forum state. 28 U.S.C.A. §
1404(a).

**[5] Federal Courts ⚖109**
170Bk109

In suit by California franchisee against Pennsylvania
franchisor, the trial court did not abuse its discretion
in denying the motion to transfer venue to
Pennsylvania for the convenience of the parties and
witnesses, in the interests of justice, though forum
selection clause designated Pennsylvania as the

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

exclusive forum, where the vast majority of the other agreements underlying franchisee's claims were negotiated and executed in California, franchisee's choice of California as the forum was supported by California's strong public policy to provide a protective local forum for local franchisees, claims arose out of the construction and initial operation of a store located in California, the court concluded that the relative financial burdens of litigating in each of the forums favored California, and more of the relevant witnesses and other sources of proof were located in California. 28 U.S.C.A. § 1404(a).

*496 Philip A. Kramer, Kramer & Kaslow, Los Angeles, California, for the plaintiff-appellee.

Jonathan Solish, Law Offices of Garrett J. Zelen, Los Angeles, California, and Howard A. Kroll, Preston Gates & Ellis, Los Angeles, California, for the defendant-appellant.

Appeal from the United States District Court for the Central District of California.

Before: POLITZ, [FN1] REINHARDT, and HAWKINS, Circuit Judges.

> FN1. Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

POLITZ, Circuit Judge:

GNC Franchising, Inc., challenges the district court's refusal to enforce a forum selection clause in its franchise agreement with Charles B. Jones. The company contends that the court erred in denying its motion to either dismiss or transfer venue under 28 U.S.C. §§ 1404 and 1406. For the reasons assigned, we affirm.

## BACKGROUND

GNC, a subsidiary of General Nutrition Companies, Inc., is franchisor of General Nutrition Stores throughout the United States. The company's principal place of business is Pittsburgh, Pennsylvania. Jones is the franchisee of a GNC store in LaVerne, California.

In January 1995 and August 1996, the parties entered into written agreements, including an Option Agreement and a Franchise Agreement, for Jones'

store. Each agreement contains a choice of law clause requiring that it be "interpreted and construed under the laws of the Commonwealth of Pennsylvania, which laws shall prevail in the event of any conflict of law." Both agreements also contain a forum selection clause providing that any action instituted by a franchisee against GNC "in any court, whether federal or state, shall be brought only within the Commonwealth of Pennsylvania in the judicial district in which Franchisor has its principal place of business; and the parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision."

A dispute about the agreements arose and Jones filed suit in California state court alleging multiple causes of action. [FN2] GNC timely removed the litigation to federal court, invoking diversity jurisdiction. [FN3] The company subsequently moved to either dismiss or transfer venue to the Western District of Pennsylvania, citing 28 U.S.C. § 1406(a). [FN4] Alternatively, GNC *497 sought a transfer of venue under 28 U.S.C. § 1404(a). [FN5]

> FN2. Jones' claims include: (1) breach of written contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) selling franchises by means of untrue or misleading statements, (5) intentional misrepresentation of fact, (6) negligent misrepresentation of fact, and (7) intentional interference with contractual relations.

> FN3. The district court sua sponte remanded the action to state court based upon lack of diversity jurisdiction after GNC's initial removal attempt. Upon GNC's second attempt at removal, the court determined that it had diversity jurisdiction.

> FN4. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

> FN5. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

After considering the motions and Jones' response, the district court denied the motion to dismiss or transfer under § 1406(a), concluding that the forum

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

selection clause was unenforceable because it contravened California's strong public policy against such provisions. The court also denied the motion to transfer under § 1404(a) after weighing the relevant factors under the requisite "interest of justice" analysis.

GNC petitioned for permission to appeal the district court's decision, citing 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5. Permission was granted.

## ANALYSIS

### I. Enforcement of the Forum Selection Clause under § 1406

[1] In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses. [FN6] We have held that the rule set forth by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co. [FN7] controls the consideration of a motion to dismiss for improper venue based upon a forum selection clause. [FN8]

> FN6. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988)

> FN7. 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

> FN8. Manetti-Farrow, 858 F.2d at 513.

In Bremen, the Supreme Court held that a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." [FN9] The court added, however, that a contractual forum selection clause is "unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." [FN10] Moreover, even though a clause is the product of a full and free bargaining process, and contravenes no public policy of the forum, it "may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." [FN11] The party challenging the forum selection clause bears a "heavy burden" of establishing the existence of one of the aforementioned grounds for rejecting its

enforcement. [FN12]

> FN9. 407 U.S. at 15, 92 S.Ct. 1907.

> FN10. Id.

> FN11. Id. at 16, 92 S.Ct. 1907. "In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Id. at 18, 92 S.Ct. 1907.

> FN12. Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir.), cert. denied, 525 U.S. 921, 119 S.Ct. 275, 142 L.Ed.2d 227 (1998).

[2] The district court declined to enforce the parties' contractual forum selection clause, concluding that it contravened California's strong public policy against enforcing such clauses in franchise agreements, as expressed in § 20040.5 of the California Business and Professions Code. Section 20040.5 provides that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." [FN13] The forum selection clause at bar would restrict venue to Pennsylvania courts. It is apparent that § 20040.5 is *498 intended to void this clause with respect to any claim arising under or relating to the agreement involving the franchise located in LaVerne, California. GNC, however, contends that the district court erred in concluding that the California statute embodies a strong public policy interest precluding enforcement of the clause under federal law.

> FN13. CAL. BUS. & PROF. CODE § 20040.5 (West 1997).

We find this contention to be without merit. Bremen teaches that a strong public policy may be "declared by statute." [FN14] By voiding any clause in a franchise agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in the state, § 20040.5 ensures that California franchisees may litigate disputes regarding their franchise agreement in California courts. [FN15] We conclude and hold

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

that § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives of Bremen. Accordingly, we affirm the district court's order denying GNC's motion to dismiss or transfer the action under § 1406(a).

FN14. Bremen, 407 U.S. at 15, 92 S.Ct. 1907.

FN15. The legislative history of § 20040.5 provides further evidence that the statutory prohibition against such forum selection clauses reflects a strong state public policy interest. The author of the bill that became § 20040.5 stated that the bill's purpose was "to ensure that California franchisees are not unfairly forced to litigate claims arising out of their franchise agreement in an out-of-state court at considerable expense, inconvenience, and possible prejudice to the California franchisee." Report to Senate Judiciary Committee, 1993-94 Regular Session, AB 1920 (Peace), at 1. The author was motivated by the concern that

[m]any franchise contracts contain clauses that require a civil action or proceeding arising under or relating to a franchise agreement to be commenced in a designated out-of-state venue, which is usually the state of the franchisor's headquarters. Few franchisees can easily afford to defend or prosecute their actions in another state. The author of AB 1920 contends that these contractual provisions put the California franchisee at a great disadvantage in pursuing meritorious actions against a franchisor. Moreover ... these provisions are usually part of the standard contract which the franchisee is offered on a "take-it or leave-it" basis. In the absence of arms length negotiations and equal bargaining position, such terms are usually unconscionable. The author asserts that it is in the state's interest and powers to void such contractual terms to protect its residents. Id. at 2, 92 S.Ct. 1907.

## II. Transfer of Venue under § 1404(a)

[3] GNC also claims error in the district court's denial of its motion to transfer venue to the Western District of Pennsylvania under the provisions of § 1404(a). We review that order for abuse of discretion. [FN16]

FN16. Lou v. Belzberg, 834 F.2d 730, 734 (9th Cir.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988).

[4] Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " [FN17] A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. [FN18] For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the *499 costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. [FN19] Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. [FN20] We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing. [FN21]

FN17. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citation omitted).

FN18. Id.

FN19. See, e.g., Stewart, 487 U.S. at 29-31, 108 S.Ct. 2239; Lou, 834 F.2d at 739.

FN20. Stewart, 487 U.S. at 29, 108 S.Ct. 2239 (holding that § 1404(a) governed a forum non conveniens motion to transfer based upon a forum selection clause despite the current forum's public policy that "may refuse to enforce" such provisions). A forum selection clause, however, is not dispositive. Id. at 31, 108 S.Ct. 2239.

FN21. Although the majority opinion in Stewart did not expressly state that the law of the forum is a relevant factor for consideration under § 1404(a), the Court noted that the district court must weigh "those public-interest factors of systemic integrity and fairness that ... come under the heading of 'the interest of justice.' " Id. at 30, 108 S.Ct. 2239. In a concurring opinion, Justice Kennedy and Justice

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

O'Connor recognized that "state policies should be weighed in the balance." Id. at 33, 108 S.Ct. 2239. We conclude that the public policy of the forum is not dispositive in a § 1404(a) determination but, rather, it is another factor that should be weighed in the court's § 1404(a) "interest of justice" analysis.

[5] The district court weighed each of the aforementioned factors and concluded that GNC failed to meet its burden of showing that Pennsylvania was the more appropriate forum for the action. [FN22] Although the forum selection clause designates Pennsylvania as the exclusive forum, the court determined that other factors "clearly" demonstrated that California was more appropriate. For example, the court found that the vast majority of the other agreements underlying Jones' claims were negotiated and executed in California. The court noted that Jones chose California as the forum for his lawsuit, and his choice is supported by California's strong public policy to provide a protective local forum for local franchisees. The court further found that the extent of the parties' contacts with Pennsylvania and California clearly favored California, and that Jones' claims arose out of the construction and initial operation of the store located in LaVerne, California. The court also concluded that the relative financial burdens of litigating in each of the forums favored California. Finally, the court noted that more of the relevant witnesses and other sources of proof were located in California. Review of the relevant law and record on appeal persuades us that the trial court did not abuse its discretion in denying the motion to transfer venue under § 1404(a).

FN22. Under the doctrine of forum non conveniens, GNC bears the burden of proving that an adequate alternative forum exists. Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983).

The judgment appealed is, in all respects, AFFIRMED.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-5-B

| SENATE RULES COMMITTEE | Bill No. | AB 1051 |
|---|---|---|
| Office of Senate Floor Analyses 1100 J Street, Suite 120 445-6614 | Author: | Eastin (D) |
| | Amended: | 7/11/91 in Senate |
| | Vote Required: | 21 |

Committee Votes:

Senate Floor Vote:

COMMITTEE: JUDICIARY
BILL NO.: AB 1051
DATE OF HEARING: 7-2-91

| SENATORS: | AYE | NO |
|---|---|---|
| Keene | ✓ | |
| Leslie | ✓ | |
| Marks | | |
| Petris | ✓ | |
| Presley | ✓ | |
| Roberti | ✓ | |
| Royce | ✓ | |
| Torres | | |
| Watson | | |
| Davis (VC) | ✓ | |
| Lockyer (Ch) | ✓ | |
| | | |
| | | |
| TOTAL: | 8 | 0 |

Assembly Floor Vote: 66-3, p. 1651, 5/9/91

SUBJECT: Jurisdiction and forum: construction contracts

SOURCE: American Subcontractors Association

DIGEST: This bill would make void and unenforceable specified contractual provisions relative to California subcontractors and out-of-state contractors.

ANALYSIS: Existing law permits California courts to exercise jurisdiction on any basis not inconsistent with the state or federal Constitutions. A court is also authorized to stay or dismiss most actions in which it finds "that in the interest of substantial justice" the action should be heard in a forum outside of California.

Existing law generally permits parties to agree that disputes arising from certain contracts (mostly commercial) should be resolved in a forum selected by the parties.

This bill would make void and unenforceable provisions in contracts between general contractors and California subcontractors (i.e. subcontractors with principal offices in this state) when they: (1) require contract disputes to be litigated, arbitrated or otherwise resolved outside of California or (2) prohibit a party to the contract from commencing an action or obtaining a judgment in this state. The bill would apply to contracts for "construction of a public or private work of improvement in the state."

Virginia and South Carolina have enacted laws similar to these provisions of AB 1051. Those laws make contract provisions requiring disputes be settled outside their respective state unenforceable.

CONTINUED

PE9

The purpose of this bill is to protect California subcontractors from adhesive construction contracts offered by out-of-state contractors which force the California subcontractor to resolve any dispute in an out-of-state court.

FISCAL EFFECT:    Appropriation:  No    Fiscal Committee:  No    Local:  No

SUPPORT:  (Verified 7/11/91)

American Subcontractors Association (source)
Construction Industry Legislative Council
D&R Paquette Drywall, Inc.
Jacob Drywall, Inc.
CAL SMACNA
Numerous contractors

ARGUMENTS IN SUPPORT:  The American Subcontractor's Association (ASA), sponsor of this bill, asserts that large out-of-state general contractors have an unfair bargaining advantage when negotiating with California subcontractors.  This advantage, they argue, is abused when the subcontractors are forced to sign contract provisions that waive their right to have disputes resolved in California or else lose the contract. Further, they argue that permitting general contractors to choose their home state as the site to resolve all contract disputes is unfair "when all the work was done in California and all witnesses and evidence are available in this state."  ASA suggests that subcontractors often are forced to forego attempts to resolve disputes in the general contractor's home state for economic reasons, even when they have a meritorious case.

According to the sponsor, about 50% of the out-of-state contractors include a selection of forum provision in their contracts.  Contracts between California subcontractors and out-of-state contractors are estimated to involve about $500 million annually.

ASSEMBLY FLOOR VOTE:

ASSEMBLY BILL NO. 1051 (Eastin)—An act to add Section 410.42 to the Code of Civil Procedure, relating to contracts.

Bill read third time, and passed by the following vote:

AYES—66

| | | | |
|---|---|---|---|
| Allen | Connelly | Hayden | O'Connell |
| Alpert | Costa | Horcher | Peace |
| Archie-Hudson | Eastin | Hughes | Polanco |
| Areias | Eaves | Isenberg | Roybal-Allard |
| Bane | Elder | Johnson | Seastrand |
| Bates | Epple | Katz | Sher |
| Becerra | Farr | Kelley | Statham |
| Bentley | Felando | Klehs | Tanner |
| Boland | Filante | Lancaster | Tucker |
| Bronzan | Floyd | Lee | Umberg |
| Brulte | Frazee | Lempert | Vasconcellos |
| Burton | Frizzelle | Leslie | Woodruff |
| Campbell | Gotch | Margolin | Wright |
| Cannella | Hannigan | Mays | Wyman |
| Chacon | Hansen | Moore | Mr. Speaker |
| Chandler | Harvey | Mountjoy | |
| Clute | Hauser | Nolan | |

NOES—3

| | | |
|---|---|---|
| Ferguson | Knowles | McClintock |

Bill ordered transmitted to the Senate.

RJG:lm 7/12/91 Senate Floor Analyses

PE-10

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # EXA-5-B

# American Subcontractors Association

**CALIFORNIA STATE COUNCIL** - 673 W. Brannan Island Road - Isleton, CA 95641

OFFICERS

Steve Hood, Chairman
Larry Stanley, Vice Chairman & Insurance Chair
Gwynda Downing, Gov't Relations Chair

15 April 1991

Mr. Mark Sektnan
c/o The Honorable Delaine Eastin
Assemblywoman, District 18
State Capitol
Sacramento, CA 95814

RE: AB 1051: Venue Bill

Dear Mark:

As promised, I am sending you a copy of the correspondence I received from one of our members, Murray Helm of The Brady Companies, on the subject of the referenced bill.

Briefly, I will try to explain what happened:

(1) The Brady Co. signed the contract with an out-of-state contractor, Doster Construction Co., with the clause that any litigation will take place in the State of Alabama.

(2) The Brady Co. did file a lawsuit against the general contractor; Brady attempted to have the case heard in California instead of Alabama; however, a judge in Orange County ruled that the case had to be tried in Alabama since Brady had signed the original contract ageement stating such.

(3) Brady's original contract was for $1,210,000. The amount in dispute was $254,370; therefore, Brady did go to Alabama to litigate.

ASA's position is:

(1) If the out-of-state general contractor is prohibited from putting these clauses in their construction contracts for work performed in California, then the Brady Co. would not have had this problem.

(2) While it is true that the Brady Co. could have tried to negotiate this clause in favor of the California courts, subcontractors are not always successful in doing so. In this particular case, we do not know what the outcome would have been had the Brady Co. tried to negotiate this clause.

A-5

(3)  Often times, because of the added burden and expense of
litigation, a subcontractor cannot afford to pursue an out-of-state
claim.  In these cases, the developers and general contractors
take advantage of the out-of-state venue clauses.

        Since I will be out of town on April 24, Judy Stanley of
ASA will represent us at the Assembly Judiciary hearing.  Judy's
telephone number is (707) 823-0402 should you need to contact her
next week.  I will be available all this week, through Friday,
April 19.  I had hoped that Murray Helm from the Brady Companies
could testify on our behalf; however, he has a conflict for that
date.  If you need to contact with any questions, please feel
free to do so at (619) 589-7575 in La Mesa, California.

                          Sincerely,

                          AMERICAN SUBCONTRACTORS ASSOCIATION

                          Gwynda F. Downing
                          Chair, Government Relations

Enclosure:  The Brady Companies ltr dtd April 10, 1991 w/encl.

cc:        Judy Stanley/ASA

AP·6

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # EXA-5-B

SACRAMENTO ADDRESS
State Capitol
P.O. Box 942849
Sacramento, CA 94249-0001
(916) 445-7874
FAX: (916) 324-2936

DISTRICT OFFICE
39650 Liberty Street, Suite 160
Fremont, CA 94538
(415) 791-2151
(408) 263-5300
Voice or TDD
FAX: (415) 794-3841



# Assembly
# California Legislature

### DELAINE EASTIN
Assemblywoman
Eighteenth District

COMMITTEES:
CHAIRWOMAN,
EDUCATION

CONSUMER PROTECTION,
GOVERNMENTAL EFFICIENCY
AND ECONOMIC DEVELOPMENT

ELECTIONS, REAPPORTIONMENT
AND CONSTITUTIONAL AMENDMENT

TRANSPORTATION



August 30, 1991

Honorable Pete Wilson
Governor of California
State Capitol, First Floor
Sacramento, CA 95814

Re: AB 1051 (Eastin) - Request for Signature

Dear Governor Wilson:

In recent years, the number of out-of-state contractors doing
business in California has increased. The majority of these
contracts contain clauses that require any litigation and/or
dispute resolution procedures take place not where the work
was done but in the out-of-state contractor's home state.

AB 1051 prohibits an out of state contractor from placing
clauses in his or her contracts that require California
subcontractors to go out-of-state to settle disputes which
might arise on the job. Depending on the size of the claim,
it may not be economically feasible for the subcontractor to
pursue an out-of-state lawsuit. The travel expenses of
witnesses (employees, building inspectors, etc), possible
site inspections, and out-of-state attorney fees, all
increase the California subcontractor's cost. These
additional costs may also prohibit the subcontractor from
pursuing a legitimate claim. An out-of-state contractor who
chooses to perform work in California should settle any
disputes on the project according to California law and in a
California court.



Printed on Recycled Paper

I am carrying AB 1051 on behalf of the American
Subcontractors Association and the bill enjoys wide support
in the construction industry.

I respectfully request that you sign AB 1051 into law.

Sincerely,

DELAINE EASTIN

DE:ms/con

PE-3

Printed on Recycled Paper

Legal Tabs Co. 1-800-322-3022

Recycled  Stock # EXA-5-B



JUDICIAL COUNCIL OF CALIFORNIA

## ADMINISTRATIVE OFFICE OF THE COURTS
LEGISLATIVE OFFICE
RENAISSANCE TOWER
801 K STREET SUITE 1800, SACRAMENTO 95814
TELEPHONE 916-445-7524 ATSS 485-7524
FAX NO.  916-324-5778 ATSS 454-7558

MICHAEL KRELL
ASSISTANT DIRECTOR
LEGISLATION

July 1, 1991

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
2032 State Capitol
Sacramento, CA  95814

Re:  Assembly Bill 1051 (Eastin) – Support as Amended 05/01/91

Dear Senator Lockyer:

Assembly Bill 1051 would make void and unenforceable provisions
in specified construction subcontracts to be performed in this
state by a subcontractor with principal offices in this state
and which purport to require the dispute to be litigated or
determined outside this state or which purport to preclude a
party from litigating or otherwise obtaining resolution of the
dispute in this state.

The courts have an interest in protecting state citizens who
may have their rights impaired by having to go out of state to
enforce contracts entered into here and performed here.
Jurisdiction outside of the state creates witness and
enforcement problems.  State contract law should not be skirted
when there is no nexus for out-of-state adjudication.

For the foregoing reasons, we respectfully request your "aye"
vote on AB 1051.

Very truly yours,

Michael Krell
Assistant Director, Legislation

MK:th
1051AB91
cc:  Honorable Delaine Eastin
       Member of the Assembly
     Mr. Gene Wong, Counsel
       Senate Judiciary Committee

SP-3

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # R-EXA-5-B

1. Hunt Building Corp    3:00cv01516    07/28/2000    Pacific Commercial v. Reliance Insurance    California Southern Dist Ct

2. Hunt Building Corp    3:97cv01839    10/09/1997    Earl-Gilbert v. Leisure Design Sys    California Southern Dist Ct

3. Hunt Building Corp    3:97cv00270    02/19/1997    Edick and Watt Inc v. Terra-Movers Inc    California Southern Dist Ct

4. Hunt Building Corporation    3:00cv01516    07/28/2000    Pacific Commercial v. Reliance Insurance    California Southern Dist Ct

5. Hunt Building Corporation    3:97cv01839    10/09/1997    Earl-Gilbert v. Leisure Design Sys    California Southern Dist Ct

6. Hunt Building Corporation    3:97cv00270    02/19/1997    Edick and Watt Inc v. Terra-Movers Inc    California Southern Dist Ct